UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>WORTH GROUP INC., ANDREW )<br>WILSHIRE, and EUGENIA MILDNER,   )<br>)<br>Defendants.   )<br>_____)  | **Case No. 13-cv-80796-KLR**<br><br>**Hon. Kenneth L. Ryskamp**<br><br>**Magistrate Judge James M. Hopkins** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff U.S. Commodity Futures Trading Commission respectfully submits this Notice of Supplemental Authority in support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") (ECF No. 48).

In their Motion to Dismiss (ECF No. 43), Defendants attempt to challenge the regulation of leveraged precious metals transactions under Section 2(c)(2)(D) of the Commodity Exchange Act, 7 U.S.C. § 2(c)(2)(D) (2012), on vagueness grounds. Motion to Dismiss at 15-19. Specifically, Defendants contend that an exception to jurisdiction for a contract of sale that "results in actual delivery within 28 days," 7 U.S.C. § 2(c)(2)(D)(ii)(III)(aa), was vague and only became clear with subsequent agency interpretations. *Id.* In response, Plaintiff notes that the statute is clear on its face, Defendants do not provide a reasonable alternative reading of that clear language, Defendants actually acted according to that clear language, and the agency's subsequent interpretations do not render the statute unclear. Opposition at 12-17.

On February 19, 2014, District Judge Donald M. Middlebrooks rejected a virtually identical vagueness challenge to Section 2(c)(2)(D) of the Act and the language regarding actual delivery within 28 days.  *CFTC v. Hunter Wise Commodities, LLC*, No. 9:12-cv-81311-DMM, at 21-23 (S.D. Fla. Feb. 19, 2014) (order on the parties' motions for summary judgment) (attached). There, Judge Middlebrooks rejected both a facial and an "as applied" challenge to Section 2(c)(2)(D), reasoning that "[m]en of common intelligence would understand the statute's meaning and would not differ as to its application," and that the statute gave the defendants "fair notice" of the prohibited conduct.  *Id.* at 21, 22 (internal quotation marks and citation omitted).

Plaintiff agrees with Judge Middlebrooks' decision and respectfully submits that decision for the Court's consideration.

Date:   February 19, 2014                    Respectfully submitted,

U.S. COMMODITY FUTURES TRADING
COMMISSION

/s/ David Chu
David Chu
Trial Attorney
Division of Enforcement
525 W. Monroe St. Suite 1100
Chicago, IL 60661
Phone: (312) 596-0642
Fax:    (312) 596-0711
Email: *dchu@cftc.gov*

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 19, 2014, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system. As a result, the foregoing document is being served on all counsel of record for Defendants listed below via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ David Chu

Edward Alan Marod
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive Suite 500 E
West Palm Beach, FL 33401
(561) 655-1980
Fax: (561) 655-5677
Email: emarod@gunster.com

Gerard Joseph Curley, Jr.
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive Suite 500 E
West Palm Beach, FL 33401
(561) 655-1980
Fax: (561) 655-5677
Email: jcurley@gunster.com

Matthew I. Menchel
Kobre & Kim, LLP
2 South Biscayne Boulevard 35th Floor
Miami, FL 33131
(305) 967-6108
Fax: (305) 967-6128
Email: matthew.menchel@kobrekim.com

John Daniel Couriel
Kobre & Kim, LLP
2 South Biscayne Boulevard 35th Floor
Miami, FL 33131
(305) 967-6115
Fax: (305) 967-6120
Email: john.couriel@kobrekim.com