UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>WORTH GROUP INC., ANDREW WILSHIRE, and EUGENIA MILDNER<br><br>      Defendants. | Civil Action No 13-cv-80796-KLR<br><br>Hon. Kenneth L. Ryskamp |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FIRST, SECOND, AND ADDITIONAL AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") pursuant to Rules 12(f) and 8(a) of the Federal Rules of Civil Procedure and Local Rule 7.1, respectfully moves this Court to strike the First, Second, and "Additional" Affirmative Defenses from the Answers filed by Defendants Worth Group Inc. ("Worth"), Andrew Wilshire ("Wilshire"), and Eugenia Mildner ("Mildner") (collectively "Defendants") on April 28, 2014 (Doc. Nos. 82-84).  In support of this motion, the Commission states as follows:

   I.    RELEVANT FACTUAL BACKGROUND

This matter concerns Defendants' alleged fraudulent conduct in collection with a multi-million dollar precious metals business.  On August 13, 2013, the CFTC filed a four-count Complaint for Injunctive and Equitable Relief and Penalties (the "Complaint") charging Defendants with violating the Commodity Exchange Act and Commission Regulations beginning on July 16, 2011, the effective date of the Dodd-Frank Act.  Specifically, the Commission charged Defendants with: (1) committing fraud in violation of Section 6(c)(1) of the

Act and Regulation 180.1 in connection with fully-paid precious metal transactions by, among other things, materially misrepresenting that Worth purchased and stored precious metals on behalf of retail customers from August 15, 2011 until at least November 8, 2012 (Count I); (2) offering and entering into unlawful off-exchange transactions in violation of Section 4(a) of the Act with respect to financed customers (Count II); (3) committing fraud in violation of Section 4b(a)(2)(A)-(C) of the Act in connection with financed transactions by, among other things, willfully or recklessly misrepresenting that Worth delivered physical metals in the full amount of financed purchases within 28 days (Count III); and (4) failing to register as a Futures Commission Merchant ("FCM") in violation of Section 4d of the Act with respect to financed transactions (Count IV). (Doc. No. 1).

On November 27, 2013, Defendants moved to Dismiss Counts II, III, and IV of the Complaint pursuant to Rules 12(b)(6) and 9(b), arguing in part that those Counts failed to state a claim upon which relief can be granted because Worth's financed metals transactions are exempt from the Commission's regulatory jurisdiction. (Doc. No. 43). On April 14, 2014, this Court entered and Order Denying Motion to Dismiss. (Doc. No. 79).

On April 28, 2014, following the denial of their Motion to Dismiss, Defendants Worth, Mildner, and Wilshire each filed an answer to the Complaint (Doc. Nos. 82-82) (collectively the "Answer"). In their Answer, Defendants deny most of the allegations in the Complaint and offer eight affirmative defenses including that: (1) the Complaint fails to state a claim upon which relief may be granted; and (2) Plaintiff's claims are barred by Defendants' "good faith efforts" to comply with the Dodd-Frank Act in the time leading up to its implementation. Defendants also offer a ninth category of unidentified "additional" defenses.

## II.     LEGAL STANDARD

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  While motions to strike are generally disfavored, an affirmative defense may be stricken if it is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc*., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted).  A defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  *Id.*  A court has broad discretion in considering a motion to strike under Rule 12(f).  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alternatives*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)).  In evaluating the sufficiency of an affirmative defense, the Court should not consider matters beyond the pleadings. *Adams v. Jumpstart Wireless Corp.,* 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, Case No. 09–61490, 2010 WL 5393265, at *1–2 (S.D. Fla. Dec. 21, 2010)).

By definition, an affirmative defense is established "only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318 (quoting *Will v. Richardson-Merrell, Inc*., 647 F. Supp. 544, 547 (S.D. Ga. 1986)) (emphasis in original); see also *Royal Palm Sav. Ass'n v. Pine Trace Corp*., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters).

"The purpose of an affirmative defense is to give the opposing party notice of an issue so that the party is prepared to properly litigate the issue." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013)(citing *Hassan v. U.S.P.S.*, 842 F.2d 260, 263 (11th Cir.1988)). Thus, at a minimum affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *U.S. ex re. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, Case No. 13-22536-CIV, 2014 U.S. Dist. LEXIS 5736 (S.D. Fla. Jan. 16, 2014). Where an affirmative defense "comprises no more than bare bones conclusory allegations, it must be stricken." *Microsoft Corp.*, 211 F.R.D. at 684 (quotation omitted).

### III.    LEGAL ARGUMENTS

#### A.    Defendants' First Affirmative Defense Alleging Failure to State a Claim Is Not A Proper Affirmative Defense

Defendants' assertion that "[t]he Complaint, in whole or in part, fails to state a claim upon which relief may be granted," is not an affirmative defense. *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."); *see also Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011) ("A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense.") (internal citations, quotation marks and alternations omitted). Where, as here, a defense "does nothing more than recite the standard for a motion to dismiss" it is "insufficient and due to be stricken." *Muschong v. Millennium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 U.S. Dist. LEXIS 41005, *5 (M.D. Fla. March 27, 2014) (striking failure to state a claim defense). Moreover, this Court denied Defendants motion to dismiss on

April 14, 2014.  (Doc. No. 79).  Therefore, Defendants' first affirmative defense is not only improper but also moot and should be stricken.

    B.    **Defendants' Second Affirmative Defense Asserting a "Good Faith" Effort to Comply Is Immaterial**

Defendants' assert that they "engaged in good faith efforts to comply with the Dodd-Frank Act in the time leading up to its effective date" in that "Worth engaged a large international law firm with expertise for the specific purpose of complying with the new regulatory requirements resulting from the Dodd-Frank Act."  The Complaint charges Defendants with fraudulent conducted beginning on July 16, 2011 – the effective date of the Dodd-Frank Act – and continuing through the present.  Complaint (Doc. No. 1), ¶ 1.  Defendants' conduct prior to July 16, 2011 is not at issue, and Defendants' activities prior to that date have no discernable relevance to any issue before this Court.[1]  *See Oaks v. Fairhope*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981) ("This court has the obvious power to strike from the pleadings as "immaterial" any matter having no value in developing the issues of the case.").  Where, as here, "the defense is insufficient as a matter of law the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim."  *R.T.C. v. Holland & Knight*, 832 F. Supp. 1532, 1533 (S.D. Fla. 1993) (quotation omitted).

---

[1] It is theoretically possible that, by pleading the Second Affirmative Defense, Defendants are attempting to argue that their so-called good faith compliance bars a finding of scienter as to the conduct charged in Counts I and II.  However, Defendants had not provided any notice as to how any finding that they did in fact engage in a "good faith efforts" to comply with the Dodd-Frank Act prior to its effectiveness would require judgment in their favor.  *See Wright v. Southland Corp.*, 187 F.3d 1287, 1302 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.").  During a May 14, 2014 teleconference, undersigned counsel request that Defendants clarify the scope and relevance of this (and other) affirmative defense.  Defendants declined to do so.  Thus, this Court should strike as vague and ambiguous the Second Affirmative Defense, which does not respond to any particular count, allegation or legal basis of a complaint.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.*, 77 F.3d 364, 367 (11th Cir.1996).

    **C.**    **The "Additional Defenses" Do Not Meet the Minimum Notice Standard and Should Be Stricken.**

Defendants generally plead "all other affirmative defenses that may be revealed during the course of discovery." Defendants' vague assertion does not provide any "facts in justification or avoidance" required for a valid affirmative defense and should therefore be stricken. *Morrison*, 434 F. Supp. 2d at 1318; *see also Pujals,* 777 F. Supp. 2d at 1330 (striking affirmative defense and recognizing that "it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")(quotation omitted).

**IV.**    **CONCLUSION AND CERTIFICATION**

Wherefore, for the reasons set forth above, Plaintiff U.S. Commodity Futures Trading Commission respectfully requests that this Court strike Defendants' First, Second and Additional Affirmative Defenses and grant such further relief as is just and proper.

Undersigned counsel certifies that she conferred with Defendants counsel about certain affirmative defenses in writing on May 13, 2014, and that the parties further conferred via telephone on May 14, 2014 in a good faith effort to resolve their dispute regarding the Affirmative Defenses, but were unable to do so.

Date: May 19, 2014                                  Respectfully submitted,

                                                    U.S. Commodity Futures Trading Commission

                                                    */s/ Elizabeth N. Pendleton*

                                                    David Chu (*dchu@cftc.gov*)
                                                    Bar ID # 242046
                                                    Elizabeth N. Pendleton (*ependleton@cftc.gov*)
                                                    Bar ID # A5501930

                                                    U.S. Commodity Futures Trading Commission
                                                    525 West Monroe Street, Ste. 1100
                                                    Chicago, IL  60661
                                                    Ph:  (312) 596-0700
                                                    Fax: (312) 596-0714

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney with the Commodity Futures Trading Commission, does hereby certify that on May 19, 2014, she caused a true and accurate copy of the foregoing:

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FIRST, SECOND, AND ADDITIONAL AFFIRMATIVE DEFENSES
AND INCORPORATED MEMORANDUM OF LAW**

to be served on Defendants VIA CM/ECF in the manner shown below:

*Defendants Worth Group, Inc.,
    Andrew Wilshire and Eugenia Mildner*

**Edward Alan Marod**
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive
Suite 500 E
West Palm Beach, FL 33401
*emarod@gunster.com*

**Gerald Joseph Curley, Jr.**
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive
Suite 500 E
West Palm Beach, FL 33401
*jcurley@gunster.com*

**Nathan Hill**
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive
Suite 500 E
West Palm Beach, FL 33401
*nhill@gunster.com*

*Defendants Andrew Wilshire and
    Eugenia Mildner*

**John Daniel Couriel**
Kobre & Kim, LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131
*john.couriel@kobrekim.com*

**Matthew I. Menchel**
Kobre & Kim, LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131
*matthew.menchel@kobrekim.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                                          */s/ Elizabeth N. Pendleton*
                                                                                          One of the Attorneys for Plaintiff