# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-80796-KLR

U.S. COMMODITY FUTURES
TRADING COMMISSION,

          Plaintiff,

v.

WORTH GROUP, INC.,
ANDREW WILSHIRE, and
EUGENIA MILDNER,

          Defendants.

_____/

## WORTH PARTIES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND DISCOVERY

Worth Group, Inc. ("Worth"), Andrew Wilshire, and Eugenia Mildner (together the "Worth Parties"), respond to the Motion to Compel Defendants to Produce Materials Responsive to the CFTC's First Request for Production by a Date Certain and to Extend Discovery Deadlines [DE 94] (the "Motion") filed by the Plaintiff, U.S. Commodity Futures Trading Commission ("CFTC").

The Motion is a waste of the Court's time and the Defendants' money. The Worth Parties do not oppose an order requiring the substantial completion of document discovery by July 31, 2014, and the extensions of other deadlines sought by the CFTC. Had they been consulted by the CFTC in the manner required by Local Rule 7.1(a)(3),[1] the Worth Parties would

---

[1] "Prior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and

have agreed to the above relief and this response could have been avoided.  So that there is no

mistake, the CFTC's certificate of good faith is false.  No attorney representing the CFTC ever

contacted any attorney for the Worth Parties to inquire in good faith whether they consented to

the relief requested.  The parties' ongoing discovery conferences do not constitute the conference

specifically required by the Rule prior to filing a motion, the purpose of which is precisely to

avoid wasteful pleadings.  In light of this failure to confer, the Motion is nothing more than

vehicle for the CFTC to mischaracterize the Worth Parties' extensive cooperation in discovery as

obstinacy.

The Worth Parties are compelled to rebut the disingenuous tale of obstruction spun by the

CFTC.  It is belied by the facts:  the Worth Parties have produced more than 100,000 pages of

documents and reviewed many thousands more in response to the CFTC's requests; they have

reviewed thousands of additional documents produced by Defendants' former counsel – pursuant

to agreement between the parties; and they have responded to the requests of the Corporate

Monitor, as required by the Court. In short, Defendants have been diligent and cooperative with

the CFTC in a good faith effort to review and produce documents responsive to its discovery

requests as quickly and completely as possible.

## I.    FACTS

The parties agreed to produce documents on a rolling basis shortly after they exchanged

requests for production pursuant to Federal Rules of Civil Procedure 26(a) and 34, as evidenced

by the waves of production by the Worth Parties and by the CFTC.  Neither the parties nor the

Court has set a deadline to substantially complete document discovery, other than the discovery

cutoff, because each party understood that the other would require more than 30 days to respond

---

impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable
expenses incurred because of the violation, including a reasonable attorney's fee. " Local Rule 7.1(a)(3).

to the requests for production.  Indeed, the CFTC did not substantially complete its document discovery until June 13, 2014, more than three months after the Worth Parties' First Request for Production of Documents, served on February 26.  *See* Letter of Elizabeth N. Pendleton to Nathan Hill dated June 13, 2014, attached as Exhibit A.

Certain of the CFTC requests are stated in terms of documents that the Worth Parties intend to use at trial on particular issues.  Such requests are inherently problematic as the universe of documents one intends to use at trial changes as discovery progresses.  Thus, to ask a party to produce by a certain date that predates the discovery cutoff every document that the party intends to use at trial is inherently unreasonable.  Nonetheless the Worth Parties' document production has been robust and regular, including:  25,114 pages on March 28; 28,302 pages on April 11; at the CFTC's request for materials specifically responsive to their Requests 2 and 3, 412 pages on April 24; a privilege log on May 2; 808 pages on May 9,[2] again in response to a targeted request from the CFTC; 10,641 pages on June 13;  25,923 pages on June 20; and 14,840 pages on June 27, for a total of approximately 106,040 pages of data produced as of this writing. *See* Exhibit B, Chronological Compilation of Worth Parties' Document Production Cover Letters.  The Motion makes no mention of the fact that the CFTC has also propounded discovery requests on the Worth Parties' former counsel, and that, pursuant to an agreement between CFTC and current counsel to the Worth Parties, those documents (approximately 40,000 of them) have been reviewed by counsel to the Worth Parties prior to their production.  In this context, it is disingenuous to suggest that the Worth Parties have been obstructionist when they have repeatedly and justifiably informed the CFTC that, rather than warrant that their document production will be complete by some date unilaterally dictated by the CFTC, they are diligently

---

[2]  These documents, which had been drawn from the records of the Worth Parties' former counsel and were separately paginated, were subsequently re-produced with different Bates numbers per the parties' ongoing discovery conferences.

working to complete document discovery by July 31, 2014, the only discovery deadline set by this Court.

The Motion also mischaracterizes the parties' June 4, 2014, discovery conference. During the call, the parties discussed filing a joint motion to continue the discovery cutoff, with counsel to the Worth Parties noting that, if such a motion was to be filed, it should be filed prior to the end of June, or thirty days before the discovery cutoff date ordered by the Court. At no time during the call did the CFTC indicate that it was planning to file the Motion or seek the position of the Worth Parties regarding some or all of the relief sought in the Motion. The Motion followed without further consultation, or any notice that the joint motion discussed by the parties would not be pursued.

In sum, as the corporate monitor appointed by the Court in this matter has recognized, the Worth Parties have "incur[red] substantial legal costs as [a] result of the CFTC enforcement action," a great portion of which, during the last few months, has constituted the cost of document review and other discovery-related expenditures. Corporate Monitor's Second Status Report of Conclusions and Recommendations dated June 9, 2014 [DE 92] at 12; *see also* Corporate Monitor's Report of Conclusions and Recommendations dated March 10, 2014 [DE 75] ("Monitor's First Report") at 30. Significantly, the Monitor also found that the Worth Parties "have been consistently open and responsive to communications from the Monitor and her representatives," Monitor's First Report at 7.[3] It is, in short, a mischaracterization of the

---

[3] The Worth Parties' documented cooperation with the Monitor is relevant to the Motion because the order pursuant to which the Monitor has performed her assessment of Worth gave the CFTC a specified right to "inspect the books, records and other electronically stored data, tape recordings, and other documents of Defendants," subject to claims of attorney-client privilege and related doctrines. Consent Order of Preliminary Injunction and Other Ancillary Relief dated January 23, 2014 [DE 61] (the "Consent Order") at ¶ 15. Because the Consent Order gave the CFTC this access, and because of the significant investment of time and resources that providing information to the Corporate Monitor has required, the Worth Parties have on several occasions proposed to the CFTC that the parties seek a stay in discovery during the pendency of the Corporate Monitor's review. The CFTC has repeatedly denied that request, citing internal policies.

factual record in this case to suggest that the Worth Parties have been dilatory or obstructionist in reviewing and producing documents or making them available pursuant to orders of this Court.

## II.    Argument

### A. The Court Has Already Ordered an Appropriate Date for the Close of Document Discovery

The parties are currently required to complete document discovery by July 31, 2014.  *See* Scheduling Order dated January 15, 2014 [DE 55] (the "Scheduling Order") at ¶8. As the CFTC would know had it complied with its obligations under Local Rule 7.1(a)(3), the Worth Parties do not object to an order requiring that they substantially complete document discovery by that date and extending the time for depositions.

With respect to requests for production of documents, Rule 34 (quoted more fully than it was by the CFTC) provides that "[t]he party to whom [a] request is directed must respond in writing within 30 days after being served.  *A shorter or longer time may be stipulated to* under Rule 29 or be ordered by the court."  Fed. R. Civ. P. 34(b)(2)(A) (emphasis added).  The Rules required that the Worth Parties respond in writing to the CFTC's requests for production within 30 days – which, indisputably, the Worth Parties did.  The Rules do not require that document production be completed within 30 days, and the CFTC does not dispute that the parties agreed to rolling document production.  The Motion followed just three days after the CFTC's statement that it had substantially completed its document discovery on June 13, 2014.  If the CFTC was concerned that rolling production would interfere with the time set for completing discovery, it was selectively unconcerned about its own rolling production of documents.

The Worth Parties rolling production of over 100,000 pages of discovery and continuous discovery conferences with the CFTC give the lie to the Motion's suggestion that the Worth

Parties have "fail[ed] to answer a request for production,"[4] Mot. at 5, have acted in bad faith, or have failed to act in a "spirit of cooperation and civility." Mot. at 7. The CFTC has directed the Court to no case requiring that, on facts even remotely like these, document discovery must be completed at a time unilaterally satisfactory to a party *prior* to the court-ordered close of discovery. *But see Thornton v. Blitz USA, Inc., et al.*, 2011 WL 1113460, No. CV 509-003, at *1-2 (S.D. Ga. Mar. 24, 2011) (defendant's production of a large number of documents within a month of the close of discovery may have imposed a substantial burden on plaintiff, but did not constitute wrongdoing for the purposes of a Rule 37 motion, and was a "good faith effort to comply with discovery obligations") (internal quotations omitted). It stands to reason that, as the parties who have been under investigation for more than two years, and whose business records during that period have been the subject of sweeping inquiry by the CFTC, the Worth Parties would have more documents to review and produce during discovery.

Indeed, because a party can be "under no duty to produce documents which did not exist prior to the close of discovery," *Pharmacy, Inc. v. American Pharmaceutical Partners, Inc.*, No. CV 05-776, 2008 WL 4415263, *3 (E.D.N.Y. Sept. 24, 2008), it stands to reason that document discovery will, barring contrary stipulation or order, conclude at the close of all discovery, because even documents created up to that date may, if they are responsive to a request permissible under the Rules and under appropriate circumstances, be discoverable. *See Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:07-CV-1593-T-24EAJ, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008) (denying plaintiff's motion to shorten time to respond

---

[4] In a footnote, the CFTC states that it "is not seeking any sanctions against Defendants at this time," and cites a case for the proposition that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co. Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) Mot. at 2 n.1. It is unclear what to make of this statement, given that no violation of any discovery order – a threshold requirement for sanctions under Rule 37(b) – is (or could be) asserted by the CFTC in light of the July 31, 2014 discovery cutoff date.

to discovery, noting that the "discovery cut-off date means that all discovery must be completed by that date."); *Coquina Investments v. Rothstein*, No. 10-60786-Civ., 2012 WL 3202273, at *11 n.10 (S.D. Fla. Aug. 3, 2012).

As they have maintained in their good-faith discussions with the CFTC for months, the Worth Parties are working diligently on completing document review and production, and had already agreed to a joint motion requiring both parties to substantially complete production by July 31, 2014.

### B. The Worth Parties Do Not Object to Additional Discovery Time for Depositions

While the Worth Parties concur in the relief sought by the CFTC regarding additional time for depositions, it should be noted that prior to the initiation of this case, the CFTC had spent over two years collecting documents from the Worth Parties by administrative subpoenas for potential use in preparing for depositions, and had, in fact conducted numerous depositions.[5] Indeed, notwithstanding the fact that the parties agreed to no date for the close of document discovery other than the close of fact discovery ordered by the Court, each noticed and took the deposition of the other side's expert, and the parties have conducted enough document discovery to have formulated and exchanged witness lists as required by the Scheduling Order. Unlike the CFTC, which has for years possessed reams of documents for potential use in depositions of the Worth Parties, only on June 13, 2014, did the Worth Parties receive the CFTC's representation

---

[5] It is no accident that Worth's Company Interest Reports and Daily Position Reports received by the CFTC in discovery are duplicative of materials reviewed by the Commission during its over-two-year investigation. Whether to the CFTC or to the Monitor, Worth has been required to produce hundreds of thousands of pages of potential relevance to the allegations of the complaint in this matter, at tremendous cost. The CFTC now says these records "are not directly responsive to" the CFTC's requests for production. Mot. at 3 n.3. Given that those requests call for "[a]ll documents you intend to use to support any defense you intend to assert," Request No. 4; "[a]ll documents you relied on in tracking metal available at any and all metal suppliers to effect timely delivery for all outstanding customer obligations," Request No. 21; and "[a]ll documents reflecting or relating to any allocation request sent to Diamond State or any other depository," Request No. 22; it is hard to see how these documents are anything other than directly responsive. The larger point is that, in light of the tremendous volume of materials that the Worth Parties have produced over the last several years, the CFTC's protestations that it is unable to prepare for depositions until the completion of all document discovery ring hollow.

that it had substantially completed document production, including as to Melissa Glasbrenner, the CFTC analyst whose work is at the heart of the CFTC's case.

## III.    Conclusion

For the reasons described above, the Worth Parties respectfully submit that the Court should enter an order (1) requiring each party to substantially complete document production in this matter by July 31, 2014, and to produce a privilege log that complies with Local Rule 26.1(g)(3)(B) within a reasonable period thereafter; (2) extending the close of fact discovery and all subsequent dates set forth in this Court's Scheduling Order for 90 days from the close of fact discovery; and (3) extending the deadline for the parties to furnish a written list of all trial witnesses intended to be called at trial for 90 days.

Respectfully submitted,

July 3, 2014

By: /s Edward A. Marod           
Edward A. Marod, Esq.
Florida Bar No. 238961
Email:  emarod@gunster.com
G. Joseph Curley, Esq.
Florida Bar No. 571873
Email: gcurley@gunster.com
Nathan W. Hill, Esq.
Florida Bar No. 091473
Email: nhill@gunster.com
*Attorneys for Defendants Worth Group, Inc.,*
*Andrew Wilshire, and Eugenia Mildner*
**GUNSTER, YOAKLEY & STEWART,**
**P.A**.
777 South Flagler Drive
Suite 500 East
West Palm Beach, Florida  33401-6194
Telephone:     (561) 655-1980
Facsimile:     (561) 655-5677

By: /s Matthew I. Menchel             
Matthew I. Menchel, Esq.
Florida Bar No. 012043
Email: matthew.menchel@kobrekim.com
John D. Couriel, Esq.
Florida Bar No. 0831271
Email:  john.couriel@kobrekim.com
*Attorneys for Defendants Andrew Wilshire and*
*Eugenia Mildner*
**KOBRE & KIM LLP**
2 South Biscayne Boulevard
35th Floor
Miami, Florida 33131
Telephone: (305) 967-6100
Facsimile:  (305) 967-6120

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I further certify that the foregoing document is being served on all counsel of record identified on the list below via transmission of Notices of Electronic Filing generated by CM/ECF:

Rosemary Hollinger
U.S. Commodity Futures Trading Commission
525. W Monroe Street
Suite 1100
Chicago, IL 60661
Tel: (312) 596-0700
Fax: (312) 596-0714
Email: rhollinger@cftc.gov

Elizabeth N. Pendleton
U.S. Commodity Futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, IL 60661
Tel: (312) 596-0629
Fax: (312) 596-0714
Email: ependleton@cftc.gov

David Chu
U.S. Commodity Futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, IL 60661
Tel: (312) 596-0642
Fax: (312) 596-0714
Email: dchu@cftc.gov

/s/ Edward A. Marod
Edward A. Marod, Esq.