## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 13-cv-80796-KLR** |
| **v.** | **Hon. Kenneth L. Ryskamp** |
| **WORTH GROUP INC., ANDREW WILSHIRE, and EUGENIA MILDNER,** | |
| **Defendants.** | |

### CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST WORTH GROUP INC., ANDREW WILSHIRE, AND EUGENIA MILDNER

### I.      INTRODUCTION

On August 13, 2013, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint for Injunctive and Equitable Relief and Penalties Under the Commodity Exchange Act against Worth Group Inc. ("Worth"), Andrew Wilshire ('Wilshire"), and Eugenia Mildner ("Mildner") (collectively "Defendants") for violations of Sections 4(a), 4b(a)(2)(A)-(C), 4d, and 6(c)(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6(a), 6b(a)(2)(A)-(C), 6d, 9(1) (2012), and Section 180.1(a) of the Commission's regulations promulgated thereunder ("Regulations"), 17 C.F.R. § 180.1(a) (2014).  The Court entered a Consent Order of Preliminary Injunction against Defendants on January 23, 2014.

### II.      CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint against Defendants without a trial on the merits or any further judicial proceedings, Defendants:

1.      Consent to the entry of this Consent Order of Permanent Injunction and Other

Relief Against Worth Group Inc., Andrew Wilshire, and Eugenia Mildner ("Consent Order");

2.      Affirm that they have read and agreed to this Consent Order voluntarily, and that

no promise, other than as specifically contained herein, or threat, has been made by the

Commission or any member, officer, agent, or representative thereof, or by any other person, to

induce consent to this Consent Order;

3.      Acknowledge service of the summons and Complaint;

4.      Admit the jurisdiction of this Court over them and the subject matter of this action

pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

5.      Admit the jurisdiction of the Commission over the conduct and transactions at

issue in this action pursuant to the Act, 7 U.S.C. §§ 1, *et seq.*;

6.      Admit that venue properly lies with this Court pursuant to Section 6c(e) of the

Act, 7 U.S.C. § 13a-1(e);

7.      Waive:

(a) Any and all claims that they may possess under the Equal Access to Justice

Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), or the rules promulgated by the

Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et*

*seq.* (2014), relating to, or arising from, this action;

(b) Any and all claims that they may possess under the Small Business

Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110

Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112,

204-205 (2007), relating to, or arising from, this action;

2

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) Any and all rights of appeal from this Consent Order;

8. Consent to the continued jurisdiction of this Court over them for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution and civil monetary penalty, that may be entered herein; to entertain any suitable application or motion for additional relief within the jurisdiction of the Court; to assure compliance with this Consent Order and for any other purpose relevant to this action, even if Defendants now or in the future reside outside the jurisdiction of this Court;

9. Agree that they will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objection based thereon;

10. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or in this Consent Order, or creating or tending to create the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants shall undertake all steps necessary to ensure that their agents and employees under their authority or control understand and comply with this agreement;

3

11.     By consenting to the entry of this Consent Order, neither admit nor deny the allegations of the Complaint, except as to jurisdiction and venue, which they admit.  However, Defendants agree and intend that the allegations contained in the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants; (b) any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a (2012), or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 – 3.75 (2014); and (c) any proceeding to enforce the terms of this Consent Order.  Defendants do not consent to the use of this Consent Order as the sole basis for any other proceeding brought by the Commission;

12.     Agree to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 41 of Part VIII of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against any of them, whether inside or outside the United States; and

13.     Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against them in any other proceeding.

### III.     SUMMARY

### A.     The Parties to this Consent Order

14.     Plaintiff United States Commodity Futures Trading Commission is an independent federal regulatory agency charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1 *et seq.*, (2012) and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et seq.* (2014).

4

15.     Defendant Worth Group Inc. is a Florida corporation located at 3900 Military Trail, Ste. 600, Jupiter, Florida, 33458.  Worth has never been registered with the Commission in any capacity.

16.     Defendant Andrew Wilshire resides in Jupiter, Florida, and is the founder and 100% owner of Worth.  Wilshire served as Worth's sole officer and director from June 2002 through October 2009, when Mildner assumed those positions, and again from February 2012 to the present.  At all times relevant to the Complaint, Wilshire has remained actively involved, on a daily basis, in Worth's business and operations and its relationships with retailers, metals suppliers, depositories and customers.  Wilshire in not currently registered with the Commission.  However, from August 1994 to March 2007, Wilshire was registered with the Commission as an associated person of one or more Commission registrant firms.

17.     Defendant Eugenia Mildner resides in Jupiter, Florida and served as Worth's sole office and director from October 2009 through February 2012.  She has never been registered with the Commission in any capacity.

**B.     Factual Allegations in the Complaint**

18.     The Commission's Complaint alleges that from at least July 16, 2011, Worth sold physical commodities – specifically gold, silver, platinum and palladium – to individual investors throughout the United States ("retail customers") on both a leveraged, margined, or financed basis ("financed transactions"), in which customers pay a portion of the purchase price and finance the remainder through Worth, and on a fully-paid basis ("fully-paid transactions"), in which customers pay the full purchase price in return for precious metals.

19.     As to Worth's fully-paid transactions, the Complaint alleges that Worth knowingly or recklessly misrepresented that Worth would purchase and store precious metals when in fact Worth merely covered its obligations to fully-paid customers through unallocated

5

spot forwards in violation of Section 6(c) of the Act, 7 U.S.C. § 9(1), and Commission

Regulation 180.1(a), 17 C.F.R. § 180.1(a).

20.     As to Worth's financed transactions, the Complaint alleges that Worth engaged in

illegal off-exchange retail financed transaction in violation of Section 4(a) of the Act, 7 U.S.C.

§ 6(a); knowingly or recklessly misrepresented that financed transactions were legal and not

regulated by the Commission because Worth would deliver the full amount of metals within 28

days and issued false statements to customers reflecting the purchases of metal from the date of

the transaction and charging interest, when in fact no funds had been advanced, as well as

storage fees when in fact no metal had been purchased in violation of Section 4b(a)(2)(A)-(C) of

the Act, 7 U.S.C. § 6(a)(2)(A)-(C); and acted as a futures commission merchant without the

benefit of registration in violation of Section 4d of the Act, 7 U.S.C. § 6d.

21.     The Complaint further alleges that Wilshire and Mildner managed and controlled

Worth's daily operations and either knowingly induced Worth's violative conduct or failed to

maintain a reasonably adequate system of internal supervision and control and are therefore

liable as controlling persons for Worth's violations of the Act and Commission Regulations as

charged in the Complaint.

## IV.     FINDINGS AS TO JURISDICTION AND VENUE

The Court, being fully advised in the premises, finds that there is good cause for the entry

of this Consent Order and that there is no just reason for delay. The Court therefore directs the

entry of the following findings, permanent injunction, and equitable relief pursuant to Section 6c

of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein.

22.     This Court has jurisdiction over this action pursuant to Section 6c of the Act,

7 U.S.C. § 13a-1 (2012), which provides that whenever it shall appear to the Commission that

any person has engaged, is engaging, or is about to engage in any act or practice constituting a

6

violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation, or order thereunder.

23.     With respect to Defendants' financed transactions, the Commission has jurisdiction over the conduct and transactions at issue pursuant to Section 2(c)(2)(D)(i) of the Act, 7 U.S.C. § 2(c)(2)(D)(i) (2012) as Worth entered into or offered to enter into financed transactions with non-eligible contract participants.

24.     With respect to Defendants' fully-paid transactions, the Commission has jurisdiction over the conduct and transactions at issue pursuant to Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012).

25.     Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because Defendants transact business in this District and certain transactions, acts, practices, and business alleged in this Complaint occurred, are occurring, or are about to occur within this District.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED THAT:**

## V.     PERMANENT INJUNCTION

26.     Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly engaging in any conduct in violation of Sections 4(a), 4b(a)(2)(A)-(C), 4d, and 6(c)(1) of the Act, 7 U.S.C. §§ 6(a), 6b(a)(2)(A)-(C), and 6d, 9(1), and Regulation 180.1, 17 C.F.R. § 180.1.

27.     As of the date of this Consent Order, and subject to Paragraph 28, below, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

7

(a)     Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

(b)     Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for their own personal account or for any account in which they have a direct or indirect interest;

(c)     Having any commodity interests traded on their behalf;

(d)     Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(e)     Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

(f)     Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); or

(g)     Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## VI.     UNDERTAKINGS

28.     Defendants agree that Worth, as well as any subsidiary, successor, affiliate or related entity, will bring its business into compliance with the law of this Circuit regarding actual delivery as articulated in *CFTC v. Hunter Wise Commodities LLC*, 749 F.3d 967 (11th Cir.

8

2014). Specifically, Defendants must be able to show that each off-exchange financed transaction is excepted from the Act because actual delivery to the customer or the customer's depository results within 28 days pursuant to Section 2(c)(2)(D)(ii)(III)(aa) of the Act, 7 U.S.C. § 2(c)(2)(D)(ii)(III)(aa) (2012).

## VII.   RESTITUTION AND CIVIL MONETARY PENALTY

### A. Restitution

29.     Defendants shall pay, jointly and severally, restitution in the amount of one million, two hundred and fifty thousand dollars ($1,250,000) ("Restitution Obligation"), plus post-judgment interest, within thirty (30) days of the date of the entry of this Consent Order. Defendant Mildner shall pay, joint and severally, no more than $250,000 of the Restitution Obligation, while Defendants Worth and Wilshire shall pay, joint and severally, the entire Restitution Obligation. If the Restitution Obligation is not paid in full within thirty (30) days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

30.     To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' retail customers the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

31.     Defendants shall make Restitution Obligation payments under this Consent Order to the Monitor in the name "Worth – Settlement Fund" and shall send such Restitution

9

Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (b) the Deputy Director, Division of Enforcement, Chicago Regional Office, 525 W. Monroe Street, Suite 1100, Chicago, IL 60661.

32.     The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' retail customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part VII, B below.

33.     Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment towards the Restitution Obligation.

10

34.     The Monitor shall provide the Commission at the beginning of each calendar year with a report detail the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

35.     The amount payable to each retail customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any retail customer that exist under state or common law.

36.     Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each retail customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Consent Order and may seek to enforce obedience of this Consent Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants, to ensure continued compliance with any provision of this Consent Order, and to hold Defendants in contempt for any violation of any provision of this Consent Order.

37.     To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

### B. Civil Monetary Penalty

38.     Defendants Worth and Wilshire shall pay, jointly and severally, a civil monetary penalty in the amount of one million, two hundred and fifty thousand dollars ($1,250,000) ("CMP Obligation"), plus post-judgment interest, within thirty (30) days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within thirty (30) days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the CMP

Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

39.     Defendants Wilshire and Worth shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPSC/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendants Wilshire and Worth shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants Wilshire and Worth shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants Wilshire and Worth shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (b) the Deputy Director, Division of Enforcement, Chicago Regional Office, 525 W. Monroe Street, Suite 1100, Chicago, IL 60661.

## C. Provisions Related to Monetary Sanctions

40.     Partial Satisfaction: Acceptance by the Commission or the Monitor of any partial

payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver

of their obligation to make further payments pursuant to this Consent Order, or a waiver of the

Commission's right to seek to compel payment of any remaining balance.

## VIII.  MISCELLANEOUS PROVISIONS

41.     Notice: All notices required to be given by any provision in this Consent Order

shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

>     Director, Division of Enforcement
>     Three Lafayette Centre
>     1155 21st St. NW
>     Washington, DC 20581

Notice to Defendants:

>     Worth Group Inc.
>     3900 Military Trail, Ste. 600
>     Jupiter, Florida, 33458

With a Copy to:

>     Gunster Yoakley & Stewart, P.A.
>     777 South Flagler Drive
>     Suite 500 East
>     West Palm Beach, Florida  33401

All such notices to the Commission shall reference the name and docket number of this action.

42.     Change of Address/Phone: Until such time as Defendants satisfy in full their

Restitution Obligation and CMP Obligation as set forth in this Consent Order, Defendants shall

provide written notice to the Commission by certified mail of any change to their telephone

numbers and mailing addresses within ten (10) calendar days of the change

43. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

44. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

45. Waiver: The failure of any party to this Consent Order or of any retail customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or retail customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

46. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Consent Order.

47. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendants, as well as any subsidiary, successor, affiliate or related entity; upon any person under their authority or control; and upon any person who receives actual notice of this Consent Order, by personal service, e-mail,

14

facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

48.     Authority: Andrew Wilshire hereby warrants that he is sole owner of Worth Group Inc., and that this Consent Order has been duly authorized by Worth Group Inc. and he has been duly empowered to sign and submit this Consent Order on behalf of Worth Group Inc.

49.     Counterparts and Facsimile Executions: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

50.     Contempt: Defendants understand that the terms of the Consent Order are enforceable through contempt proceedings, and that in any such proceedings they may not challenge the validity of this Consent Order.

51.     Agreements and Undertakings: Defendants shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Relief Against Worth Group Inc., Andrew Wilshire, and Eugenia Mildner.

**IT IS SO ORDERED** on this _27_ day of ___January___ 2016.

UNITED STATES DISTRICT JUDGE
Kenneth L. Ryskamp

15

**CONSENTED TO AND APPROVED BY:**

<table>
<tr>
<td>

**Worth Group Inc.,**

_____
By Andrew Wilshire, President

Date: _____

**Andrew Wilshire,**

_____

Date: _____

**Eugenia Mildner,**

_____

Date: _____

</td>
<td>

**U.S. Commodity Futures Trading Commission,**

By: /s/ David Chu
David Chu
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0642
*dchu@cftc.gov*

By: /s/ Elizabeth N. Pendleton
Elizabeth N. Pendleton
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0629
*ependleton@cftc.gov*

By: /s/ Brigitte Weyls
Brigitte Weyls
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0547
*bweyls@cftc.gov*

Dated: January 11, 2015

</td>
</tr>
</table>

**APPROVED AS TO FORM BY:**

By: /s/ Edward Marod
Edward Marod
One of the Attorneys for all Defendants
Gunster Yoakley & Stewart, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, Florida  33401
(561) 655-1980
*emarod@gunster.com*

Dated:  January ___, 2016

**CONSENTED TO AND APPROVED BY:**

**Worth Group Inc.,**

By Andrew Wilshire, President

Date: _9/23/15_

**Andrew Wilshire,**

Date: _9/23/15_

**Eugenia Mildner,**

Date: _9/29/2015_

**U.S. Commodity Futures Trading
Commission,**

By: /s/ David Chu
David Chu
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0642
*dchu@cftc.gov*

By: /s/ Elizabeth N. Pendleton
Elizabeth N. Pendleton
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0629
*ependleton@cftc.gov*

Dated:_____, 2015

By: /s/ Brigitte Weyls
Brigitte Weyls
One of the Attorneys for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0547
*bweyls@cftc.gov*

Dated:_____, 2015

**APPROVED AS TO FORM BY:**

By: /s/ Edward Marod
Edward Marod
One of the Attorneys for all Defendants
Gunster Yoakley & Stewart, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, Florida 33401
(561) 655-1980
*emarod@gunster.com*

Dated: _____, 2015

By: /s/ <u>Matthew I. Menchel</u>
Matthew I. Menchel
One of the Attorneys for Andrew Wilshire and
  Eugenia Mildner
Kobre & Kim, LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131
(305) 967-6108
*matthew.menchel@kobrekim.com*


Dated: January ___, 2016